No. 634 July 1, 2026 263

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

Robert HERCENBERGER,
*Defendant-Appellant.*

Yamhill County Circuit Court
24VI111971; A186726

Mark F. Bierly, Judge pro tempore.

Argued and submitted June 3, 2026.

Robert Hercenberger argued the cause and filed the briefs *pro se*.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Leigh A. Salmon, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals from a judgment of conviction entered after the trial court found him guilty of driving while suspended or revoked and for illegal alteration or display of a registration plate. On appeal, defendant advances three assignments of error that appear to challenge the entry of the judgment as well as potentially challenge some of the court's procedures or actions during trial. The difficulty with the contentions advanced on appeal, however, is that defendant did not designate a transcript of the trial court proceedings as part of the record. Accordingly, we affirm.

It is well-settled that an appellant—here, defendant—bears the burden of providing a record sufficient to demonstrate that error occurred. *See Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007) (so stating). A transcript is generally necessary even for a motion to dismiss so that we can determine what arguments were made or withdrawn, what responses, if any, were offered by the state, and what the trial court's reasoning may have been. In this case, because defendant did not designate a transcript of the trial court proceedings, we are unable to properly determine whether any error occurred. *See Universal Ideas Corp. v. Esty*, 84 Or App 541, 543-44, 734 P2d 408 (1987) (explaining that the court was not able to review an assignment of error without a transcript of the proceedings and where the appellate arguments did not "turn solely on questions of law"); *see also* ORS 19.365(5) (providing that, "[i]f the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error"). Accordingly, we reject defendant's arguments on appeal and affirm the trial court's judgment.

To the extent that any of defendant's challenges do not depend on a transcript, we nevertheless are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling or rulings challenged on appeal, demonstrate that the

claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record. Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as a neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (observing that the mere assertion of an unsubstantiated legal proposition does not "obligate the court to unilaterally validate that proposition" and explaining that, "[j]ust as we are not required to 'search the record to find' asserted error, * * * we are not required to engage" in a "search for the truth of an unsupported legal proposition").

With those limitations in mind, we have considered defendant's arguments challenging the trial court's decision denying the motion to dismiss, and we are unpersuaded that the trial court erred in the ways defendant contends.

Affirmed.